Minshall, J.
The suit below was brought in the common pleas court' of Cuyahoga county, by Levi Hey against the defendants, Silberman & Co. to recover a balance due on an account for certain iron sold and delivered. The latter claimed that *586 the iron was not of the quality ordered; and also claimed damages in the sum of $100.00. The amount claimed by the plaintiff was $181.95. . The issues having been made up, when the case came on for trial, the defendants demanded a jury, which was denied them under the provisions of what is termed the Cuyahoga County Jury Law, which was passed and took effect May 19,1.894 (91 Laws, 795). In this case, according to this law, the defendants, to be entitled to a jury, should have demanded a juiy in writing at least five days before the commencement of the term after the issues should have been made up according to the statutes of the state, and have deposited with the clerk, five dollars to be appropriated to the payment of jury fees. This was not done, but under the general law of the state the defendants were entitled to a jury without having filed such written demand or making the deposit of any sum whatever.
The plaintiffs in error claim that the statute under which they were denied a jury trial is unconstitutional, and that the judgment should be reversed for this among other reasons.
We entertain no doubt of the invalidity of this law. It is true that there is an attempt to give it the character of a general one, by making it applicable to “all counties which now contain, or which may contain a city of the second grade of the first class.” But, if its subject-matter is not a proper subject of local legislation, this attempt to give it the form of a general law, can be of no avail, as has been frequently decided by this court. It is manifestly a local law,- intended to apply to Cuyahoga county, and can apply to no other.
The constitution requires that all laws of a general nature shall be uniform in their operation *587 throughout the state; and it is well settled that the “general nature” of a law must be determined by its subject matter; if this be general the law must be general, but if the subject-matter be of a local nature, a local law applicable to the subject-matter may be enacted. But as to the nature of the subject-matter the legislature is not the exclusive judge. If it were otherwise then this important provision of the constitution would be little more than directory, instead of mandatory, as it ■ undoubtedly is. The greatest respect will always be given the determination of the legislature in enacting the law, but where its validity is properly challenged on this ground, it is the duty of the court to pass on it, and if clearly satisfied that the provision has been violated, in making that a locai, which should have been, if enacted at all, a general law, it is within the power of the court, and its duty, to declare it invalid.
It is sometimes a question of some nicety to distinguish between that which is local and that which is general as regards the subject-matter of a law; and where there is room for a fair difference of opinion in regard to it, the doubt arising from such difference should be resolved in favor of the law. In this ease we are unable to perceive any ground for such a difference. There is probably in the entire field of legislation, no subject of a more general nature, undoubtedly none of more general interest, than the right of trial by jury. It is regarded as a birth right of Englishmen, and among American citizens as one of their constitutional guaranties. It is guaranteed to all the citizens of this state by the provision of its constitution, that the right shall be “inviolate.” At the adoption of the constitution of Ohio every litigant in a suit, *588 such as that between the parties below, had a right to demand a jury trial without depositing any sum of money, or making the demand at any particular period, before the ease was called for trial; and this .remains so in every county in the state, except that of Cuyahoga, if the act above referred to is a valid law. No local circumstances are suggested for this difference, and we are unable to conceive of any. If in suits where less than $300 are demanded, or on appeal from the probate court, or from the docket of a justice of the peace, public policy requires that the right to a jury should be made to depend upon a demand therefore made a certain time before the issues should have been made up and the deposit of a certain sum of money with the clerk of the court, what reason of a local nature exists, why this should be so in Cuyahoga county, that does not exist in any or all the counties of the state ? No answer suggests itself to this question, that would not also permit of a difference in the law of procedure, or of a variety on many other subjects of legislation that have heretofore been universally regarded as of a general nature. Undoubtedly there is more litigation in a large county like Cuyahoga, than in some others. But this difference can, and has been, provided for by increasing the judicial force of the sub-division in which the county is situated.
It is claimed that this law should be sustained on the authority of Mc Gill v. The State, 34 Ohio St., 228. That case when examined will be found to relate to an enactment quite different from the one before as in this case. It does not in any way affect the right of trial by jury. It simply provides a mode for the return of thejnames off elect *589 ors for jury service iu Cuyahoga county, different from the general law. The mode of selecting electors for jury service, has never been regarded as an essential element in the right of trial by jury. Different modes have been adopted and prevailed at different times. In fact, as pointed out by the learned judge, delivering the opinion in the case, the general law at that time, was not uniform in its provisions on the subject — the selection being in general made by the trustees of the townships, acting as judges of election, and in other cases by town council, thus adapting its provisions to local requirements. Local circumstances, such as the situation of large cities with their corrupting influences in certain counties, may, in the interest of a fair and impartial jury trial, make the selection of electors for jury service a matter of local concern, and require legislation not required in, and inapplicable to, the other counties of the state. This was the view taken by the court in deciding the case. It adjudged that a special law under such circumstances was proper and sustained the act in question. Our constitution does not require all laws to be uniform in their operation throughout the state; the requirement simply embraces all laws of a general nature, clearly implying that those not of a general nature need not operate uniformly throughout the state. Conceding the case of Mg Gill v. The State, to have been rightly decided, and there is no purpose here to question it, still it must, as we think, readily appear from what has been said, that it does not control this case. The law here in question affects the right of trial by jury — a subject of general interest throughout the state; the law considered in the McGill case simply affects the mode of selecting *590 electors for jury service; and, in this regard, local circumstances may in the interests of the integrity of the system require special legislation.

Judgment reversed and new trial granted.